IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10280
Conference Calendar
_____

FRANK RAMIREZ GUEVARA,

Plaintiff-Appellant,

versus

WILLIAM KEITH DAVIS,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:95-CV-013
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Frank Ramirez Guevara filed an <u>in forma pauperis</u> (IFP) civil rights complaint, 42 U.S.C. § 1983, against William Keith Davis alleging that Davis interfered with his access to the courts when Davis represented county defendants in an unrelated civil rights action. The district court dismissed the complaint as frivolous, 28 U.S.C. § 1915(d), because Davis was not a state actor. On appeal Guevara argues the merits of his underlying claim but does not challenge the basis of the district court's judgment. Issues

---

[*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

not raised or briefed are considered abandoned.  Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993).

A district court is not required to conduct a Spears hearing before dismissing an IFP complaint as frivolous.  Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).  Guevara has not challenged the district court's determination that Davis was not a state actor, see Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev., 980 F.2d 1043, 1050 (5th Cir.), cert. denied, 114 S. Ct. 75 (1993), and, therefore he cannot show that he was prejudiced by the failure to conduct a Spears hearing.

The appeal is without arguable merit and thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.